IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOAH DEVONE SUMTER, | No. 4:23-CV-00160 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN OF USP-CANAAN, | |
| Respondent. | |

MEMORANDUM OPINION

MAY 31, 2023

Petitioner Noah Devone Sumter, an inmate confined at the United States Penitentiary Canaan in Waymart, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the application of the career offender enhancement to his sentence and additionally claims a violation of *Alleyne v. United States*, 570 U.S. 99 (2013). The Court will dismiss Sumter's Section 2241 petition for lack of jurisdiction.

I.  BACKGROUND

Sumter is currently serving a 259-month aggregate sentence after pleading guilty in 2008 to conspiracy to possess with intent to distribute multiple controlled substances and to violating his supervised release.[1] According to Sumter, when he

---

1   *See United States v. Sumter*, No. 3:07-cr-882, Docs. 49, 51, 64, 77, 97, 122 (D.S.C.). Sumter was originally sentenced to 360 months' incarceration for the drug charges, *see id.*, Doc. 64, but that sentence was subsequently reduced several times, resulting in a final sentence of 235 months. *See id.*, Docs. 77, 97, 122. Sumter's sentence for violating his supervised release was

was initially sentenced in January 2008, he was determined to be a "Career Offender" under the United States Sentencing Commission Guidelines Manual, which designation he claims "virtually increased" his federal sentencing Guidelines range.[2]

Sumter did not appeal. He did collaterally challenge his sentence in 2020 by filing a *pro se* motion to amend or correct his Presentence Investigation Report (PSR), which the sentencing court construed as a motion under 28 U.S.C. § 2255.[3] The court gave Sumter the opportunity to withdraw the motion or to amend it to include "all grounds he wishe[d] to raise in a § 2255 motion."[4] Sumter was also warned that his Section 2255 motion appeared untimely and that he should address the issues of timeliness and equitable tolling.[5] Sumter did not amend his Section 2255 motion and, ultimately, it was denied.[6] He then filed the instant Section 2241 petition in this Court. Sumter's petition is fully briefed and ripe for disposition.

---

24 months' imprisonment, and it was ordered to run consecutively to his drug-offense sentence. *See United States v. Sumter*, No. 3:02-cr-499, Doc. 79 (D.S.C. July 31, 2008).

[2] *See* Doc. 1 at 6; Doc. 2 at 7, 12; *see generally* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (hereinafter, "Guidelines" or "U.S.S.G."). It is unclear what Sumter means by "virtually increased." The Court observes that, according to Sumter's own memorandum of law, "the [base] offense level for the drug offense was higher than the career offender guidelines," and Sumter's Criminal History Category was "VI" (the highest possible category) based on *either* the career offender guideline or his 13 criminal history points. *See* Doc. 2 at 7. Consequently, it appears that the career offender designation was irrelevant to Sumter's initial sentencing Guidelines range of 360 months' to life imprisonment.

[3] *See Sumter*, No. 3:07-cr-882, Docs. 123, 124.
[4] *Id.*, Doc. 124 at 1-2.
[5] *Id.*, Doc. 124 at 2.
[6] *See id.*, Docs. 126, 127.

2

## II. DISCUSSION

Sumter argues that the United States Supreme Court's decision in *Wooden v. United States*[7] renders his career-offender designation invalid.[8] He maintains that, following *Wooden*, his two predicate drug offenses should only count as a single offense, and therefore he lacks the two prior "controlled substance offenses" required for career-offender classification.[9] He additionally argues that he should be resentenced according to *Alleyne v. United States*[10] based on the weight of the drugs charged in the indictment and to which he pled guilty (50 grams or more of cocaine base and 500 grams or more of cocaine), not a higher amount determined by the PSR. Neither of Sumter's arguments meets the safety valve requirements under Section 2255(e), so this Court lacks jurisdiction to entertain his Section 2241 petition.

Generally, the presumptive method for bringing a collateral challenge to the validity of federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[11] Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[12] The United

---

[7] 595 U.S. __, 142 S. Ct. 1063 (2022).
[8] *See* Doc. 2 at 12-21.
[9] *See* U.S.S.G. § 4B1.1(a)(3); *id.* § 4B1.2(b).
[10] 570 U.S. 99 (2013).
[11] *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).
[12] *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

States Court of Appeals for the Third Circuit has explained that this "safety valve" provision in Section 2255(e) only applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[13] Stated differently, Section 2255(e) permits a petitioner to resort to Section 2241 when the petitioner "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[14]  But merely because a petitioner is unable to meet the "stringent gatekeeping requirements" of Section 2255 does not render a motion under that provision "inadequate or ineffective" to challenge a conviction or sentence.[15]

Sumter cannot meet the demanding requirements of Section 2255(e).  The Court cannot reach the merits of his first claim based on *Wooden v. United States* because Sumter has failed to identify an intervening change in controlling, statutory law that would render his prior conduct (*i.e.*, his federal conviction for conspiracy to possess with intent to distribute cocaine or his state drug offenses) noncriminal.  He is merely challenging the applicability of the career offender enhancement to his sentence.  The Third Circuit, albeit in nonprecedential opinions, has repeatedly rejected challenges to career-offender designations that

---

[13]  *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017); *see also Cordaro v. United States*, 933 F.3d 232, 239-40 (3d Cir. 2019).
[14]  *Bruce*, 868 F.3d at 180 (quoting *Dorsainvil*, 119 F.3d at 251).
[15]  *Okereke*, 307 F.3d at 120.

are based on new decisional law from the United States Supreme Court.[16]

Additionally, the Court notes—and Sumter concedes—that his initial sentence was not based on the career offender guideline but rather on the drug offense and the weight of the drugs involved as determined by the sentencing court. Consequently, a successful challenge to the career-offender designation would conceivably have no effect on Sumter's sentence because it did not drive his Guidelines determination. Rendering a decision on Sumter's career-offender challenge would reflect nothing more than an advisory opinion, a practice which federal courts avoid.[17]

As to Sumter's second argument, it is well settled that *Alleyne* does not apply retroactively to cases on collateral review.[18] Furthermore, the Third Circuit has explicitly rejected *Alleyne*-based challenges (to sentences imposed before *Alleyne* was decided) that are raised in a Section 2241 petition pursuant to Section 2255(e).[19] So even if Sumter's 2008 sentence somehow contravened *Alleyne*'s

---

[16] *See, e.g.*, *Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014) (nonprecedential); *Piggee v. Bledsoe*, 412 F. App'x 443, 445 (3d Cir. 2011) (nonprecedential); *Sorrell v. Bledsoe*, 437 F. App'x 94, 96 (3d Cir. 2011) (nonprecedential). The Third Circuit, however, has never directly addressed in a precedential opinion "whether § 2255(e)'s saving clause is available when a prisoner . . . argues that an intervening U.S. Supreme Court case renders his career-offender designation invalid." *Townsend v. Warden Hazelton FCI*, 750 F. App'x 177, 180 (3d Cir. 2018) (nonprecedential).

[17] *See TransUnion LLC v. Ramirez*, 594 U.S. __, 141 S. Ct. 2190, 2203 (2021).

[18] *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014).

[19] *See Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102-03 (3d Cir. 2017) (holding that *Alleyne* merely regulates "sentencing procedure" and does not render previously criminal conduct noncriminal, and therefore an *Alleyne*-based claim does not satisfy the stringent requirements of Section 2255(e) or *Dorsainvil*).

holding, which Sumter has not established,[20] he could not assert this claim in a Section 2241 petition by invoking the safety-valve provision.[21]

Sumter appears to lift the reasoning of his *Alleyne* claim from a district court decision resolving a motion for a sentence reduction under Section 404(b) of the First Step Act of 2018.[22] But this is not a motion for a sentence reduction under the First Step Act—it is a habeas corpus petition pursuant to 28 U.S.C. § 2241. Sumter's argument, therefore, is misplaced, and his *Alleyne* claim does not meet the demands of Section 2255(e).

Sumter cannot satisfy the stringent requirements for the safety-valve provision. This Court, therefore, lacks jurisdiction to entertain his Section 2241 petition and it must be dismissed.[23]

---

[20] *Alleyne* holds that any fact (other than the fact of a prior conviction) that increases a criminal defendant's mandatory minimum sentence is an element of the crime that must be found beyond a reasonable doubt by the trier of fact. *See Alleyne*, 570 U.S. at 103, 108, 111 n.1. Sumter has not identified a statutory mandatory minimum that was implicated in his sentencing; he has only pointed to his sentencing guidelines and how he believes those guidelines were improperly enhanced. Because the guidelines were advisory rather than mandatory at the time of his 2008 sentencing, *see generally United States v. Booker*, 543 U.S. 220 (2005), he has not demonstrated an *Alleyne* violation. *See United States v. Grier*, 475 F.3d 556, 559 (3d Cir. 2007) (*en banc*) (holding that "facts relevant to the advisory United States Sentencing Guidelines need not be submitted to a jury" and "likewise do not require proof beyond a reasonable doubt").

[21] *See Gardner*, 845 F.3d at 103.

[22] *Compare* Doc. 2 at 22-24, *with United States v. Stanback*, 377 F. Supp. 3d 618, 622-23, 625 (W.D. Va. 2019).

[23] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).

## III.   CONCLUSION

The Court will dismiss Sumter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of subject matter jurisdiction. An appropriate Order follows.

                BY THE COURT:

                *s/ Matthew W. Brann*
                Matthew W. Brann
                Chief United States District Judge